UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Joe A. Lucero,

           Petitioner,

vs.                             REPORT AND RECOMMENDATION

Ricardo Rios, Local Director/Warden,

           Respondent.        Civ. No. 08-5226 (ADM/RLE)

* * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petition of Joe Lucero ("Lucero") for a Writ of Habeas Corpus under Title 28 U.S.C. §2241. For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules
(continued...)

II.  Factual and Procedural Background

Lucero is an inmate at the Federal Correctional Institution, in Waseca, Minnesota ("FCI-Waseca"). He is serving a Federal prison sentence that was imposed, on July 21, 2003, by the United States District Court for the District of New Mexico. According to a website maintained by the Federal Bureau of Prisons ("BOP"), Lucero is scheduled to be released from custody on August 2, 2009.[2]

Lucero is not presently challenging the validity of the conviction or sentence for which he is currently being incarcerated. Instead, he is claiming that he was wrongly deprived of fourteen (14) days of Good Time Credit ("GTC"), as a result of a prison disciplinary proceeding. Lucero argues that the disciplinary proceeding violated the Constitution's "Bill of Attainder" clause, and that the outcome of the proceeding -- namely the loss of his GTC -- must be vacated.

---

[1](...continued)
Governing Section 2254 Cases are most directly applicable to Habeas Petitions filed by State prisoners pursuant to Title 28 U.S.C. §2254, they also may be applied to Habeas Petitions filed pursuant to Title 28 U.S.C. §2241. See, Rule 1(b) of The Rules Governing Section 2254 Cases; see also, Mickelson v. United States, 2002 WL 31045849 at *2 (D. Minn., September 10, 2002), citing Rothstein v. Pavlick, 1990 WL 171789 at *3 (N.D. Ill., November 1, 1990), and Bostic v. Carlson, 884 F.2d 1267, 1270 n. 1 (9th Cir. 1989).

[2]The BOP's official website is available online at http://www.bop.gov.

In a separate claim for relief, which is identified as Ground 2, Lucero contends that the BOP has violated his First Amendment rights, because the disciplinary sanctions, which were imposed upon him, included not only the loss of GTC, but also a loss of visitation, and telephone privileges. Lucero alleges that the Respondent wrongly "suspend[ed] the Petitioner's constitutional and regulatory right to visit and to use the telephone in order to keep some ties with the Petitioner's community and family." Petition, Docket No. 1, at p. 3, §9.

We find that both of Lucero's claims must be summarily rejected, for reasons we now detail.

### III. Discussion

A. Lucero's Bill of Attainder Claim. Lucero describes his first ground for relief as follows:

> By taking away statutory good time (both vested and non-vested)[Title 18 USC §3624(b)(1)] the Respondents through an executive court usurps judicial authority of Article III in the US Constitution, and their executive Court is clearly a prohibited Bill of Attainder.

Petition, supra at p. 3, §9.

We conclude that Lucero's Bill of Attainder argument is wholly without merit. The Bill of Attainder clause states that "[n]o Bill of Attainder or ex post fact law shall be

passed." United States Constitution, Art. I, §9, cl. 3.[3] This clause is part of Article I of the Constitution, which establishes, and limits, the authority of the Legislative Branch of the Federal Government.

Indeed, a Bill of Attainder is, by definition, "a bill" -- in other words, a **legislative** instrument. "Bills of attainder are 'legislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial.'" Risenhoover v. Washington County Community Services, 545 F. Supp.2d 885, 891 (D. Minn. 2008), quoting Citizens for Equal Protection v. Bruning, 455 F.3d 859, 869 (8th Cir. 2006), quoting, in turn, United States v. Lovett, 328 U.S. 303, 315 (1946); see also, Black's Law Dictionary (8th ed. 2004)(defining a bill of attainder as "[a] special **legislative act** prescribing punishment, without a trial, for a specific person or group.")[emphasis added]. In addition, the United States Supreme Court has described a Bill of Attainder as "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." Nixon v. Administrator of General Services, 433 U.S. 425, 468 (1977).

---

[3]The Constitution also refers to Bills of Attainder in Article I, Section 10, clause 1, but that clause is inapposite here, because it applies to the States, and not to the Federal Government.

Thus, the fundamental premise of Lucero's first ground for relief -- that the Constitution's Bill of Attainder clause limits the authority of the **Executive** Branch of Government, including the BOP -- is simply wrong.  The Bill of Attainder clause impacts upon the authority of Congress, and does not prevent the BOP from conducting disciplinary proceedings, and imposing sanctions on prisoners who are found to have violated prison regulations.  See, Kokoski v. Small, 2008 WL 3200811 at *5 (S.D.W.Va. 2008)("It is clear that the incident reports lodged against [a Federal prisoner] are not 'bills of attainder.'").

Since the Bill of Attainder clause has no bearing on prison disciplinary proceedings, we reject Lucero's first ground for Habeas relief.

B.    Lucero's First Amendment Claim.  Lucero's second claim for Habeas relief involves the suspension of his telephone and visitation privileges.  He claims that the First Amendment, and the BOP's own regulations, guarantee him the right to retain those privileges.  However, the claim cannot be entertained in the present Habeas action, because the relief he is seeking is not available under Habeas Corpus.

The Federal Habeas Corpus statutes provide a remedy only for prisoners who are challenging **the fact or duration** of their confinement.  See, Heck v. Humphrey, 512 U.S. 477, 481 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Otey

v. Hopkins, 5 F.3d 1125, 1130-31 (8th Cir. 1993), cert. denied, 512 U.S. 1246 (1994).

As our Court of Appeals has clearly and succinctly explained:

> If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. * * * Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.

Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) [citations omitted].

Here, it is readily apparent that, in Ground 2, Lucero is not challenging the validity of his conviction or sentence, nor is he otherwise challenging the duration of his confinement. Therefore, the remedy provided by the Federal Habeas Corpus statutes is simply not available to him. Since Ground 2 challenges the **conditions** of his confinement, rather than the **fact or duration** of his confinement, Lucero's claim cannot be entertained in an action under Title 28 U.S.C. §2241, or any other Habeas Corpus statute.

Lastly, Lucero represents that he has exhausted his BOP administrative remedies for **all** of the claims presented here. See, Petition, supra at p. 5, §17. However, the documentation from Lucero's BOP administrative proceedings, which is attached to the Petition, makes no mention of the constitutional arguments that are

advanced in Ground 2 of the Petition. Since we are unable to determine if Lucero has exhausted his administrative remedies, with respect to Ground 2, we decline to recommend that the Habeas Petition be converted to a Civil Complaint.

In addition, we note that Lucero's current Petition does not satisfy the elemental pleading requirements for a Civil Complaint, which are set forth in Rules 8 through 11, Federal Rules of Civil Procedure. Most notably, Lucero has not presented the factual **and legal** grounds for his claims in a "simple, concise and direct" manner, and in separate numbered paragraphs, as required by Rules 8(d)(1) and 10(b), Federal Rules of Civil Procedure. Furthermore, the current Petition sets forth only a conclusory assertion that Lucero's telephone and visitation privileges have been revoked, as he has not described any **specific** acts or omissions which, if proven true, would entitle him to legal redress.

Moreover, the currently named Respondent, Ricardo Rios, is the Warden of FCI-Waseca. If this were a true Habeas Corpus action, then the Warden would be the proper party to be named as "Respondent." However, from Lucero's current pleading, it is not clear who might be responsible for any alleged violation of the First Amendment. Simply put, it is impossible to know **who**, specifically, Lucero might be attempting to sue in a non-Habeas civil action. For those additional reasons, the

current Petition cannot serve as a non-Habeas civil Complaint. Nonetheless, we recommend that Ground 2 of the Petition be dismissed **without** prejudice, so that the Lucero can later file a civil Complaint, should he so elect.[4]

In sum, finding no merit to any of Lucero's claims for Habeas relief, we recommend that the Petition be summarily dismissed pursuant to Rule 4 of the Governing Rules.

NOW, THEREFORE, It is –

RECOMMENDED:

1. That Ground 1 of the Petition for a Writ of Habeas Corpus [Docket No. 1] be dismissed with prejudice.

---

[4]If Lucero elects to file a civil Complaint, he will have to follow the pleading requirements set forth in Rules 8 through 11, Federal Rules of Civil Procedure, and he will have to submit his pleading on the Complaint form prescribed for prisoner civil rights actions filed in this District. See, Local Rule 9.3, Local Rules of the United States District Court for the District of Minnesota. Lucero will also be required to pay the statutory filing fee due for a non-Habeas civil action, which is $350.00, either in a single sum, or in installments, if he is eligible to proceed in forma pauperis ("IFP"), pursuant to Title 28 U.S.C. §1915(b). See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998)("The purpose of the Prison Litigation Reform Act was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Lastly, Lucero should note that, if he does file a civil Complaint, that pleading will be screened pursuant to Title 28 U.S.C. §1915A. If the Court finds that the Complaint fails to state a claim on which relief can be granted, then the case will be summarily dismissed pursuant to Section 1915A(b)(1).

    2.    That Ground 2 of the Petition for a Writ of Habeas Corpus [Docket No. 1] be dismissed, but without prejudice.

Dated: September 29, 2008        *s/Raymond L. Erickson*
                                    Raymond L. Erickson
                                    CHIEF U.S. MAGISTRATE JUDGE

## N O T I C E

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than October 17, 2008**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 17, 2008**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.