**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Joe A. Lucero,

                Petitioner,         **MEMORANDUM OPINION**
                                                                **AND ORDER**
     v.                                   Civil Nos. 08-4981 ADM/RLE &
                                                             08-5226 ADM/RLE

Ricardo Rios, Local Director/Warden,

                Respondent.

_____

Joe A. Lucero, pro se.

David Fuller, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of the Respondent.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge to consider Petitioner Joe A. Lucero's ("Lucero") Objections [08-4981 Docket No. 3, 08-5226 Docket No. 3] to two Reports and Recommendations (individually "4981 R&R" and "5226 R&R" and collectively "R&Rs") [08-4981 Docket No. 2, 08-5226 Docket No. 2] of Magistrate Judge Raymond L. Erickson.

In the 4981 action, Lucero petitions under 28 U.S.C. § 2241 for a writ of habeas corpus on the grounds that (1) the taking of Lucero's good time credits by the Bureau of Prisons ("BOP") for rule violations amounted to an unlawful Bill of Attainder, (2) Lucero was deprived of postage stamps without due process, and (3) the stamps were taken without just compensation. [08-4981 Docket No. 1]. Judge Erickson recommends that the petition be dismissed with prejudice on the first ground and dismissed without prejudice as to the remaining grounds.

In the 5226 action, Lucero petitions under 28 U.S.C. § 2241 for a writ of habeas corpus on the grounds that (1) the taking of Lucero's good time credits by the BOP for rule violations was an unlawful Bill of Attainder, and (2) the suspension of telephone and visitation privileges was a violation of his rights under the First Amendment to the United States Constitution. [08-5226 Docket No. 1].  Judge Erickson recommends that the petition be dismissed with prejudice on the first ground and dismissed without prejudice on the second ground.  For the reasons set forth below, the R&Rs are adopted.

## II. BACKGROUND

Lucero was sentenced on July 21, 2003 in the United States District Court for the District of New Mexico.  4981 Habeas Petition; 5226 Habeas Petition.  He filed these habeas petitions while incarcerated at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca").  Id.  According to the BOP website[1], Lucero is currently incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey[2] and scheduled to be released from custody on August 2, 2009.

**A.    The 08-4981 Action**

On September 14, 2007, a guard at FCI-Waseca served a citation on Lucero accusing him of taking $619.04 of postage stamps.  4981 Habeas Petition.  On October 19, 2007, a Discipline Hearing Officer found Lucero guilty of stealing, possession of unauthorized materials, and accepting something of value without staff authorization.  Id. Ex. C.  As a result, Lucero lost

---

[1] The BOP's official website is available online at http://www.bop.gov.

[2] Because process was properly served on the custodian at FCI-Waseca, this Court retains jurisdiction of the habeas petition.  Weeks v. Wyrick, 638 F.2d 690, 692 (8th Cir. 1981).

fifty-five days of good time credit. Id. Lucero appealed this decision within the prison, and the Administrator National Inmate Appeals upheld the decision. Id. Ex. C. Lucero filed this petition for a writ of habeas corpus on August 21, 2008.

In his petition, Lucero argues that the cancellation of good time credits was prohibited as an unlawful Bill of Attainder and that he was denied property, the stamps he maintains he lawfully possessed, without due process of law and without just compensation. Id. Judge Erickson dismissed the Bill of Attainder argument finding that the Bill of Attainder clause in the United States Constitution applies only to legislative acts and not acts committed by members of the executive branch. 4981 R&R at 5. The due process and just compensation arguments were rejected because 28 U.S.C. § 2241 provides relief only for prisoners challenging the fact or duration of their confinement, not the conditions of confinement. Id. at 6. Judge Erickson also dismissed the due process and just compensation claims on the ground that it was unclear whether Lucero had exhausted his BOP remedies for all of his claims. Id. at 7.

**B.      The 08-5226 Action**

On December 30, 2007, Lucero was cited by a FCI-Waseca guard for refusing to accept a program assignment. 5226 Habeas Petition. After being found guilty of the offense on February 1, 2008, Lucero lost fourteen days of good time credit as well as visiting and phone privileges for two years. Id. Lucero appealed this decision within the prison on February 19, 2008. Id. Documentation of the outcome of that appeal was not included with the habeas petition, but presumably, his appeal was denied. Lucero filed this petition for a writ of habeas corpus on September 19, 2008.

Lucero argues that the cancellation of good time credits was prohibited as an unlawful

Bill of Attainder and that the denial of visitation and phone privileges violates his rights to speech and assembly under the First Amendment to the United States Constitution. Judge Erickson dismissed the Bill of Attainder argument for the same reasons as outlined above, *supra* II(A), and denied the First Amendment argument on the ground that 28 U.S.C. § 2241 provides relief only for prisoners challenging the fact or duration of their confinement, whereas Lucero's First Amendment claim challenged the conditions of his confinement. 5226 R&R at 4, 6. He also dismissed the First Amendment claim on the ground that it was unclear whether Lucero had exhausted his BOP remedies for all of his claims. Id. at 6-7.

### III. DISCUSSION

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

**A.    The 08-4981 Action**

   **1.    The Bill of Attainder Argument**

Judge Erickson thoroughly addressed Lucero's Bill of Attainder challenge in the 4981 R&R. The Bill of Attainder clause states, "No Bill of Attainder or ex post facto law shall be passed." U.S. Const. art. I, § 9. The Bill of Attainder was intended as "a general safeguard against legislative exercise of the judicial function, or more simply–trial by legislature." United States v. Brown, 381 U.S. 437, 442 (1965). In his Objections, Lucero cites two cases for the proposition that the Bill of Attainder clause applies to decisions made by the BOP as an entity

within the Executive branch. Neither case stands for such a proposition. First, in Brown the Court ruled that the Bill of Attainder clause applied to "legislative punishment, of any form or severity, of specifically designated persons or groups." Id. at 447. And in Cleavinger v. Saxner, the Court considered whether prison guards that serve on a discipline committee are entitled to absolute or qualified immunity. 474 U.S. 507 (1985). The issue of a Bill of Attainder never arose, and the case provides no support for the proposition that the Bill of Attainder clause prohibits the BOP from making disciplinary decisions. Judge Erickson's conclusion that the Bill of Attainder clause does not bar Lucero's loss of good time credit is correct.

### 2. The Due Process and Just Compensation Arguments

Lucero argues that he is entitled to habeas relief on his due process and just compensation claims because a habeas corpus challenge under 28 U.S.C. § 2241 can apply to the conditions of confinement as well as the fact or duration of imprisonment. As a general rule, habeas corpus statutes allow prisoners to challenge the fact or duration of their confinement. Heck v. Humphrey, 512 U.S. 477, 481 (1994). In determining if a claim is cognizable under the habeas statute, a court considers the substance of the relief sought and if the prisoner "is not challenging the validity of his detention or the length of his detention, such as the loss of good time, then the writ of habeas corpus is not the proper remedy." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996); see also Pettersen v. Clarke, 82 F.3d 421 (8th Cir. 1996). The substance of Lucero's challenge in this case clearly concerns the conditions of his confinement and therefore habeas relief is not appropriate.

Lucero cites three cases in which the Court allowed a habeas challenge that did not directly concern the fact or duration of confinement, but none is similar to this case. In

Wilwording v. Swenson, the Court allowed a habeas petition because it was not clear a state inmate petitioner could obtain relief in state court, not a concern in this case. 404 U.S. 249 (1971). Johnson v. Avery involved a situation in which the petitioner was challenging a prison rule that made it harder to file for habeas relief; also not an issue in this case. 393 U.S. 483 (1969). Bell v. Wolfish, the final case Lucero cites, did not involve habeas relief but rather a class action challenging conditions of confinement under 18 U.S.C. § 3041, the Bail Reform Act of 1966, so that case again does not apply. 441 U.S. 520 (1979). Whether Lucero was denied due process and just compensation for the postage stamps incident is not a cognizable habeas claim.

Finally, the Court agrees with Judge Erickson that it is unclear whether Lucero has exhausted his BOP administrative remedies on the due process and just compensation claims. A petitioner must exhaust BOP remedies prior to petitioning for a writ of habeas corpus. See Pope v. Sigler, 542 F.2d 460, 461 (8th Cir. 1976). Lucero cites a host of cases that allow a court to waive the exhaustion requirement in certain limited situations, none which are implicated here. Instead, while it appears from his petition that Lucero exhausted administrative remedies as they relate to his Bill of Attainder challenge, the Court can find no reference to administrative consideration of the due process and just compensation claims. This failure to raise or document the use of administrative remedies is sufficient reason to dismiss Lucero's due process and just compensation claims.

**B.      The 08-5226 Action**

    **1.      The Bill of Attainder Argument**

In his 5226 petition, Lucero's challenge to the cancellation of his good time credits is based on the same Bill of Attainder arguments rejected above. Accordingly, the Bill of Attainder argument in his 5226 petition fails.

    **2.      The First Amendment Argument**

In his 5226 petition, Lucero again relies on Wilwording, Johnson, and Bell for the proposition that he can challenge the conditions of his confinement under the habeas statute. As previously explained, these cases are inapposite to the issues here. Additionally, there is no documentation that Lucero raised his First Amendment claim with the BOP, and his petition fails on this ground as well. For this reason, Lucero's First Amendment claim about deprivation of telephone and visitation privileges is dismissed.

**C.      Lucero's Proper Manner of Redress**

As Judge Erickson explained in his R&Rs, while the due process, just compensation, and First Amendment challenges are not cognizable under the habeas corpus statute 28 U.S.C. § 2241, Lucero may be able to present these claims under 42 U.S.C. § 1983. He can file a civil complaint, following the pleading requirements enumerated in the Federal Rules of Civil Procedure 8 through 11, and allege specific facts and legal grounds that would entitle him to relief against specific persons. Therefore, these claims raised in his habeas petitions are dismissed without prejudice to allow him the opportunity to pursue other relief.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [08-4981 Docket No. 2] is **ADOPTED**;

2. Petitioner's Objections [08-4981 Docket No. 3] are **OVERRULED**;

3. Ground 1 of the Petition for a Writ of Habeas Corpus [08-4981 Docket No. 1] is **DISMISSED** with prejudice;

4. Grounds 2 and 3 of the Petition for a Writ of Habeas Corpus [08-4981 Docket No. 1] are **DISMISSED** without prejudice;

5. The R&R [08-5226 Docket No. 2] is **ADOPTED**;

6. Petitioner's Objections [08-5226 Docket No. 3] are **OVERRULED**;

7. Ground 1 of the Petition for a Writ of Habeas Corpus [08-5226 Docket No. 1] is **DISMISSED** with prejudice; and

8. Ground 2 of the Petition for a Writ of Habeas Corpus [08-5226 Docket No. 1] is **DISMISSED** without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: December 15, 2008.